# **EXHIBIT A**

# CT Corporation

**Service of Process Transmittal**
11/23/2011
CT Log Number 519538845

**TO:** Scott Leslie, General Counsel Experian Americas
Experian
475 Anton Blvd
Costa Mesa, CA 92626-

**RE:** **Process Served in South Carolina**

**FOR:** Experian Information Solutions, Inc. (Domestic State: OH)

Scott N. Leslie

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Tara, And Donovan Price, Pltfs. vs. Portfolio Recovery Associates, Inc., et al. including Experian Information Solutions, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Certificate |
| **COURT/AGENCY:** | Lexington County Court of Common Pleas, SC<br>Case # 2011CP3204359 |
| **NATURE OF ACTION:** | Defendant violated the fair debt collection practices Act by falsely representing the character, amount, and legal status of the aforementioned debt, due to which, plaintiff suffer damages |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/23/2011 postmarked on 11/22/2011 |
| **JURISDICTION SERVED:** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service hereof, exclusive of the day of such service |
| **ATTORNEY(S) / SENDER(S):** | David A. Maxfield<br>Trotter & Maxfield, Attorneys<br>1701 Richland Street<br>Columbia, SC 29201<br>803-799-6000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 795440444850 |
| **SIGNED:** | CT Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 2 Office Park Court<br>Suite 103<br>Columbia, SC 29223 |
| **TELEPHONE:** | 800-592-9023 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# TROTTER & MAXFIELD

**GENE TROTTER**                    ATTORNEYS AT LAW                    **DAVE MAXFIELD**

November 22, 2011

**VIA CERTIFIED MAIL**
CT Corporation System
2 Office Park Court
Columbia, SC 29223

RE:  Tara & Donovan Price vs. Portfolio Recovery Associates, Inc., Merchants' Credit Guide Co., Experian Information Solutions, Inc., and Trans Union LLC
Case No. 2011-CP-32-04359

Dear Sir or Madam:

Enclosed herein and served upon you on behalf of Experian Information Solutions, Inc., is a filed copy of a <u>Summons & Complaint</u> in the above-referenced matter.

Sincerely,

Stephanie Baxley
Paralegal to Dave Maxfield

Enclosures

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | ELEVENTH JUDICIAL CIRCUIT |
| TARA & DONOVAN PRICE, | Case No. |
| Plaintiff, | |
| vs. | **SUMMONS** |
| PORTFOLIO RECOVERY ASSOCIATES, INC., MERCHANT'S CREDIT GUIDE CO., EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC, | 2011CP3204359 |
| Defendants. | |

TO: THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, Dave Maxfield, Esquire, at his office at 1701 Richland Street, Columbia, South Carolina 29201, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

TROTTER & MAXFIELD, ATTORNEYS

By: _____
David A. Maxfield, Esquire
1701 Richland Street
Columbia, South Carolina 29201
(803) 799-6000

DATED: November 14, 2011
Columbia, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF LEXINGTON | ELEVENTH JUDICIAL CIRCUIT |
| Tara and Donovan Price, | |
| Plaintiff(s), | |
| vs. | **COMPLAINT** |
| | (Jury Trial Demanded) |
| Portfolio Recovery Associates, Inc., Merchants' Credit Guide Co., Experian Information Solutions, Inc., and Trans Union, LLC, | 2011CP3204359 |
| Defendant(s). | |

Plaintiffs, complaining of the Defendants above-named, would show this Court as follows:

**JURISDICTION**

1. Plaintiffs are citizens and residents of the State of South Carolina, County of Lexington.

2. Upon information and belief, the Defendant Portfolio Recovery Associates, Inc. ("Portfolio") is a corporation organized under the laws of the State of Delaware, with its headquarters and principal place of business in the Commonwealth of Virginia, but transacting business, including the attempted collection of debts, in the State of South Carolina.

3. Upon information and belief, Defendant Merchants' Credit Guide Co. ("Merchants' Credit") is a corporation organized under the laws of the State of Illinois, with its principal place of business and headquarters in the State of Illinois, but transacting business, including the attempted collection of debts, in the State of South Carolina.

4. Defendants Trans Union, LLC ("Trans Union") and, Experian Information Solutions, Inc., ("Experian") and Equifax Information Services, LLC ("Equifax") are foreign entities which transact business in South Carolina. Each Defendant is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

5. This Court has jurisdiction over the parties and subject matter of this action and venue is proper.

## FACTUAL ALLEGATIONS

6. In or around the summer of 2011, Plaintiffs began receiving telephone calls at their home concerning a debt ostensibly owed to Defendant Portfolio.

7. The alleged debt related to a Capital One Bank credit card with an asserted balance of $1,297.52, which Portfolio represented that it had acquired from Capital One.

8. Defendant Merchants' Credit represented that it had been retained by Portfolio to collect the alleged debt. Upon information and belief, however, both Portfolio and Merchants in fact engaged in debt collection.

9. At all times, in multiple communications, Plaintiffs disputed any liability whatsoever for the debt. Plaintiff Donovan Price had, at one time, a *secured*

Capital One Bank credit card with a limit of $200.00; however, that account had not been used since 1995, and the last payment thereon was made in 1996.

10. Despite Plaintiffs' repeated dispute of any liability, their specific advice that the only Capital One Card issued to Donovan Price was the above, the dispute of his wife, Plaintiff Tara Price, of any personal liability thereon, and the fact that said card (even if ever in default, which was denied) had been beyond the applicable statute of limitations for at least twelve (12) years, Defendants Merchants' Credit and/or Portfolio continued their collection contacts.

11. On numerous occasions, both Plaintiffs were contacted by telephone repeatedly, and harassed by Defendants Portfolio and/or Merchants' Credit, or one on behalf of itself and the other, who made various threats and misrepresentations of material fact in the course of attempting to collect the debt.

12. Additionally, Plaintiffs made written requests for validation of the above debt, but received no validations whatsoever.

13. Plaintiffs further requested that Defendants Merchants' Credit and/or Portfolio cease contact, in writing and otherwise, to no avail.

14. Upon information and belief, on April 19, 2010, in violation of 15 U.S.C. 1681b, Defendant Merchants' Credit obtained Plaintiff Donovan Price's credit file from Defendant Experian, despite having no permissible purpose whatsoever for doing so.

15. Upon information and belief, in or around September of 2010, and again in September of 2011, Defendant Portfolio obtained Plaintiff Donovan Price's

credit file from Defendant Trans Union , with no permissible purpose whatsoever, and in violation of 15 U.S.C. 1681b.

16. The above reports were provided to Merchants' Credit and Portfolio by Defendants Experian and Trans Union, in violation of 1681b and in violation of their statutory duties under the FCRA, as set forth more fully hereinbelow.

17. As a direct and proximate result of the foregoing, Plaintiffs have suffered extreme emotional distress, have had their reasonable expectation of privacy invaded, and have suffered such other damages as may be shown at trial.

## FOR A FIRST CAUSE OF ACTION

## AS TO DEFENDANTS PORTFOLIO AND MERCHANTS' CREDIT

### (Violation of FDCPA)

18. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent herewith.

19. The the transaction at issue is a consumer transaction and the Defendants herein acted as debt collector at all times relevant hereto.

20. The Defendants regularly attempt to collect debts alleged to be due another, or purchased debts which have allegedly gone into default, and are "debt collectors" as defined by the FDCPA.

21. Plaintiffs are consumers under the FDCPA.

22. Plaintiffs previously advised Defendants in writing, and otherwise, that Plaintiffs did not owe the account(s) attributed to Plaintiff Donovan Price by Defendants, and had no liability for the alleged account.

23. Nevertheless, Defendants thereafter repeatedly demanded payment of the

4

account(s) without providing validation.

24. Defendant further violated the Fair Debt Collection Practices Act by falsely representing the character, amount, and legal status of the aforementioned debt. In addition to other threats and misrepresentations, Defendants Merchants' Credit and/or Portfolio:

    a. Asserted that Tara Price was responsible for the debt of her spouse;
    b. Threatened to harm the credit of Plaintiff Tara Price;
    c. Attempted to collect the account allgedly due by Donovan Price from Tara Price;
    d. Attempted to collect the debt without (or before) providing notice that the communication was an attempt to collect the debt;
    e. Represented that it could (and would) continue attempts to collect the debt despite Plaintiffs' dispute, until Plaintiffs' proved that they did not owe the debt, and implied falsely that the burden of "validation" was Plaintiffs' burden.

25. Further, Defendant Portfolio in particular, made numerous calls to Plaintiffs in an attempt to collect the debt, despite the fact that it had actual knowledge that it <u>could not</u> validate the debt.

26. Defendants Portfolio and Merchants' Credit failed to validate the debt in writing, as required.

27. Defendants Portfolio and Merchants' Credit continued attempts to collect while Plaintiffs' request for validation was pending.

28. As a direct and proximate result of the foregoing, Plaintiffs should be granted judgment against Defendant for actual damages as well as such penalties and attorney fees as are authorized by statute, and such other relief as is just and proper.

## FOR A SECOND CAUSE OF ACTION AS TO DEFENDANT PORTFOLIO
### (Unconscionable Conduct; S.C. Code 37-5-108)

29. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with the allegations of this cause of action.

30. The alleged transaction set forth above is a consumer transaction.

31. Plaintiffs are consumers under Title 37 of the South Carolina Code of Laws.

32. Upon information and belief, the Defendant Portfolio engaged in unconscionable conduct in the following particulars and such others to be proven at trial:

    a. communicated with the consumers and/or the consumers' family at frequent intervals;

    b. communicated with the consumers and/or the consumers' family at unusual hours;

    c. causing a telephone to ring repeatedly during a twenty-four hour period or engaged in telephone conversations with intent to annoy, abuse, and harass;

    d. communicating at time or place otherwise known or which should be known to be inconvenient to the consumer;

    e. using fraudulent, deceptive, or misleading representations, including representations about the character, amount, or legal status of a debt;

6

33. Judgment should be granted to Plaintiffs for actual damages as well as such penalties and attorney fees as are authorized by statute, and such other relief as is just and proper.

### FOR A THIRD CAUSE OF ACTION BY PLAINTIFF DONOVAN PRICE
### AS TO ALL DEFENDANTS

#### (Violation of FCRA)

34. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

35. Plaintiff Donovan Price would show that beginning in April of 2010 and continuing through October of 2011, Defendants Merchants' Credit and Portfolio willfully and/or negligently obtained his consumer credit report without a legitimate or permissible purpose for doing so, in violation of 15 U.S.C. §1681b of the Fair Credit Reporting Act (FCRA).

36. In order to obtain Plaintiff's consumer report, Defendants Merchants' Credit and Portfolio certified to the credit reporting agencies they had a permissible purpose to obtain his report, even though Defendants knew that they had no such purpose.

37. Plaintiffs are further informed and believe that Defendants Portfolio and Merchants' Credit are subscribers of Defendants Trans Union, and Experian, respectively.

38. When entering into subscriber relationships, these "Collector Defendants" had to certify to Defendants Trans Union and Experian, the "CRA Defendants,"

7

the purposes for which the Collector Defendants sought the reports, and further certify that the reports would be used for no other purpose. 15 U.S.C. §1681e(a).

39. The CRA Defendants, in turn, were required to make a reasonable effort to verify the uses certified by the Collector Defendants prior to furnishing them with consumer reports concerning the Plaintiff.

40. Upon information belief, throughout the time that the Collector Defendants have been subscribers to the CRA Defendants' credit reporting services, the CRA Defendants have been required to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under 15 U.S.C. §1681b.

41. Plaintiff is informed and believes that despite this clear obligation, at the time the Collector Defendants became subscribers, the CRA Defendants failed to make reasonable efforts to verify the uses certified by the Collector Defendants, and thus negligently and/or willfully violated their obligations to Plaintiff under section 1681e(a), by failing to maintain reasonable procedures to limit the furnishing of consumer reports to the purposes listed under 1681b.

42. Plaintiff is further informed and believe that the CRA Defendants separately breached their duties to him under statute by failing to verify the uses certified by the Collector Defendants at the time of each specific request for his report.

43. As a direct and proximate result of each Defendants' negligent and willful violations of the FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, invasion of privacy, emotional distress

and interference with his normal and usual activities, for which Plaintiff seeks damages in an amount to be determined by the jury. 15 U.S.C. §§1681n and 1681o.

44. Plaintiff further requests attorney fees pursuant to 15 U.S.C. §1681o(a).

## FOR A FOURTH CAUSE OF ACTION AS TO DEFENDANTS
## MERCHANTS' CREDIT AND PORTFOLIO

### (Invasion of Privacy)

45. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

46. Plaintiffs had a right and an expectation to be let alone.

47. Defendants invaded Plaintiffs' privacy through the wrongful intrusion into their private activities, in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

48. Defendants' intrusion was substantial and unreasonable.

49. Defendants' intrusion was intentional.

50. As a direct and proximate result of the foregoing, Plaintiffs have been damaged.

### PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiffs is for judgment in an amount sufficient to compensate them for actual damages, together with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

TROTTER & MAXFIELD, ATTORNEYS

By: _____
David A. Maxfield, Esquire
1701 Richland Street
Columbia, South Carolina
(803) 799-6000

DATED: November 14, 2011

4838-6313-5790, v. 1

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF LEXINGTON | IN THE COURT OF COMMON PLEAS<br>ELEVENTH JUDICIAL CIRCUIT |

Tara & Donovan Price,

   Plaintiff,

Case No. 2011-CP-32-04359

vs.

**CERTIFICATE OF SERVICE**

Portfolio Recovery Associates, Inc., Merchants' Credit Guide Co., Experian Information Solutions, Inc., and Trans Union LLC,

   Defendants.

I, the undersigned employee of Trotter & Maxfield, Attorneys at Law do hereby swear and affirm that on the 22th day of November, 2011, I served the foregoing **Summons & Complaint** regarding the above-referenced matter by United States Certified Mail to the following:

CT Corporation System
2 Office Park Court
Columbia, SC 29223
(On behalf of Experian Information Solutions, Inc.)

                _/s/ Stephanie Baxley_
                Stephanie Baxley

DATED: November 22, 2011
Columbia, South Carolina

**TROTTER & MAXFIELD**
ATTORNEYS AT LAW

1701 RICHLAND STREET
COLUMBIA · SOUTH CAROLINA · 29201

7010 0780 0002 1421 1136

CERTIFIED MAIL

**VIA CERTIFIED MAIL**
CT Corporation System
2 Office Park Court
Columbia, SC 29223

29223$5948 C008

$ 005.990
UNITED STATES POSTAGE
PITNEY BOWES
NOV 22 2011
MAILED FROM ZIPCODE 29201